# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.: 1:25-cv-11518-BEM

VITA LAW OFFICES, P.C.,

    Plaintiff,

v.

LOCKRIDGE GRINDAL NAUEN
P.L.L.P. and HEIDI M. SILTON, ESQ.,

    Defendants.

## DECLARATION OF CHRISTOPHER M. CERVANTES

I, Christopher M. Cervantes, declare as follows:

1. I am Christopher M. Cervantes, an attorney and counselor at law, and a member in good standing of the Bar of the Massachusetts Supreme Judicial Court, the Supreme Court of Texas, and of this Honorable Court, with a Board of Bar Overseers Number of 694813. I have no disciplinary record or remands – either private or public – in any jurisdiction I have been admitted to practice in.

2. I am the principal attorney and founder of Cervantes Law, P.C. which is located at 100 State Street, Suite 900, Boston, Massachusetts 02109.

3. I submit this declaration as a supplemental response to the Court's July 1, 2025, Order to Show Cause (Docket Number: 23) and subsequent July 16, 2025 Order (Docket Number 27).

4. I have tabulated in a spreadsheet all cases cited in Plaintiff's submissions to this Court, to wit, Documents: 12, 14, 14-1, 16, and 20. That spreadsheet will be attached to the supplemental response as an Exhibit.

1

5. In completing an overview of the cases cited in Plaintiff's submissions, a total of eighteen (18) errors were found. These errors are found on Documents 14-1 and 20. I have created a separate table with these specific errors and will attach them to my supplemental response as an Exhibit.

6. In my original declaration in response to the Court's July 1, 2025 Order to Show Cause, I identified thirteen (13) instances[1] involving two (2) cases where quotes was fabricated and erroneously attributed to it. I have identified an additional five (5) errors in Plaintiff's submissions.

7. I discovered an error when quoting the case, Danca v. Private Health Care Sys., Inc., 185 F. 3d 1 (1st Cir. 1999) on Document Number 14-1 at 6 when using the partial quote "heavy burden." When searching for verification the word "heavy" does not appear in the text of the case. After searching our research folder – which compiled numerous cases which may have not been cited – I did find that similar language was used in *Nordin v. PB&J Resorts, LLC et al*, No. 1:2015cv00509, Dkt 29 (D.N.H. 2016) stating "that burden is a heavy one." (citing Rosbeck v. Corin Grp., PLC, No. 15-12954-LTS, 2015 WL 6472249, at *3 (D. Mass. Oct. 27, 2015). I have not concluded whether this error was in fact from Microsoft Copilot or from clerical error when looking at research and drafting the Plaintiff's submission. In either instance, the responsibility lies with me as the filer.

8. After researching, it appears that Microsoft Copilot does have access to a user's data (e.g., emails, chat, documents, etc.) and can pull information from those sources when the tool is asked to complete a task. This remains speculative on my part, however, as to whether or

---

[1] It appears that my original declaration stated there were fourteen (14) occurrences; however, this was a clerical error. When tabulating data, I mistakenly counted the total number of rows – which was fourteen (14) – however, this included the heading above those rows and columns. The submission correctly cited the thirteen (13) identified errors in Plaintiff's submission.

not the tool pulled information from our research folder and applied it or whether the error was clerical error in the instance of adding the word "heavy". It appears the error was repeated at Document Number 14-1 at 15 as well.

9. When reviewing the error made when quoting *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F. 3d 51, 54 (1st Circ. 2006) on Document Number 14-1 at 15, quoting *erroneously* "citizenship of each member of an unincorporated entity counts," the correct attributable quote is, "[t]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all its members" *Id.* at *54.

10. To the best of my recollection, I have concluded that this was attributed to Microsoft Copilot when the tool was asked to *inter alia* "tighten up this paragraph," or something to that effect. Unbeknownst to me, the tool was changing quotations.

11. Additional errors were made when citing and quoting to *Pramco* on Document 20 at 3 and 5. Specifically, in both instances, *Pramco,* was *erroneously* quoted as saying "the citizenship of an LLP is determined by considering the citizenship of all its partners" when in fact the correct quotation was "[t]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members."

12. I have concluded that, that error was made as a result of using Microsoft Copilot to assist in reworking the paragraph in the final editing phase of our submission. E.g., "strengthen the tone of this paragraph and make it more concise if possible."

13. Additionally, as brought to my attention by the Court, *EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLP,* No. 6:15-cv-146, (E.D. Ky. Dec. 26, 2018) was incorrectly cited using 2018 WL 6786065 and not the correct citation 2018 WL 6790486.

3

14. The error involved incorrect WL identification numbering. That error appears to be clerical in nature and *not* involving Microsoft Copilot. The erroneous "2018 WL 6786065" appears in our list of researched cases and I have concluded it was copy and pasted erroneously in the first instance and that error was repeated when citing the case forthwith in subsequent submissions.

15. I would like to reiterate that I am deeply apologetic to this Court, the Defendants and their counsel for these errors. I recognize the seriousness of filings with inaccurate quotations and citations. I am regretful that my oversight caused inconvenience and undermined the Court's trust. At no time did I intend to mislead the Court or Defendants or act in bad faith; these mistakes were unintentional and arose from my reliance of an automated tool and inadequate verification before our submission – for that, I take full responsibility.

16. There was never a deliberate attempt to fabricate this content to support Plaintiff's arguments. My intent was to provide accurate legal argument as to why this matter should be remanded. Indeed, in good faith, it is still my opinion that the cited authorities support our position. However, I failed to provide accurate legal analysis in so much as my submissions contained errors and fabricated quotes; and in doing so, I failed to meet the standard expected of me by my client and this Court.

17. My office is committed to forgo the use of *any* AI tools going forward in this case or *any* legal submissions going forward. I am embarrassed by this mistake and have taken it as a personal and professional lesson.

18. I will be enrolling in several continuing legal education courses on legal ethics and the use of A.I. to be completed within sixty (60) days, which will enhance my skills and

4

prevent this occurrence from happening in the future. My goal is to take a minimum of four (4) courses and supply this Court with evidence of completion by way of affidavit.

19. I have discussed the matter with my client's principal – a well known and seasoned attorney – Richard Vita, Esq. By way of knowing me professionally for a number of years, he has remained committed to my involvement in the case and understands the issue to have been an isolated one, but nevertheless, a mistake which needs to be corrected and prevented moving forward.

20. This instance has indeed reminded me of my fallibility (cf. Romans 3:23), yet I view these mistakes as opportunities for growth, not repetition. With unwavering resolve, I commit to ensuring this is the *first* and *last* time in my career that this occurs.

21. I respectfully request the Court's grace in considering these circumstances. My unblemished 10-year record, as noted in my prior declaration, and my immediate corrective actions underscore my good faith. I am committed to restoring the Court's confidence through diligent practice and transparency, and I pray this incident remains an isolated one.

I declare that under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 14, 2025.

*/s/ Christopher M. Cervantes*
Christopher M. Cervantes
