UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-23576-CIV-SMITH

VITA LAW OFFICES, P.C.,

    Plaintiff,
v.

LOCKRIDGE GRINDAL NAUEN P.L.L.P.,
*et al*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") [DE 51], Plaintiff's Response [DE 58], and Defendants' Reply [DE 59]. For the reasons stated herein, the Defendants' Motion to Dismiss is granted.

**I.  Allegations in the Complaint**

Plaintiff's Complaint alleges that Defendants wrongfully refused to honor a referral fee agreement entitling Plaintiff to 15% of the net attorneys' fees recovered. Plaintiff alleges that, through the leveraging of extensive experience in identifying plaintiffs for complex cases, Plaintiff referred Wood Mountain Fish LLC to Defendants for representation. Plaintiff alleges that the referral was made with the agreement that Plaintiff would receive 15% of the net attorneys' fees from any settlement or judgment.

On February 27, 2023, after years of litigation the Court approved a $33 million settlement and awarded 9.9 million in attorneys' fees. Despite Plaintiff's role in referring the plaintiffs to Defendants, Defendants refused to pay the 15% referral fee. Following the parties' inability to mediate a resolution, Plaintiff file its Complaint.

Plaintiff's Complaint alleges six causes of action Count I (breach of contract), Count II (unjust enrichment), Count III (promissory estoppel), Count IV (fraudulent misrepresentation), Count V (violation of Massachusetts' consumer protection law), Count VI (breach of the covenant of good faith and fair dealing), Count VII (quantum meruit), Count VIII (breach of an implied contract), and Count IX (estoppel by agency).

## II.  Legal Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." For a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not needed, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555. When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986).

## III.  Discussion

### Shotgun Pleading

The Eleventh Circuit has explained shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—

>is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted). Here, a review of the Complaint indicates that it is a shotgun pleading. Plaintiff's Complaint commits the sin of containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. *See* (Compl. ¶¶ 26, 31, 36, 41, 45, 49, 53, 58, and 64.) "The result is that each count is replete with factual allegations that could not possibly be material to that specific count." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Also, Plaintiff's Complaint asserts multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. This is not permissible. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (noting that a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against is a prohibited shotgun pleading).

Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss the Complaint [DE 51] is **GRANTED**.

2.   Plaintiff may file an Amended Complaint but must do so on or before **December 31, 2025**. Failure to cure the Complaint by December 31, 2025, will result in a final Order of dismissal.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 22nd day of December, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record